THELMA K. TUITELELEAPAGA and
NICHOLAS KING, Jr., Plaintiffs

v.

MELESELEISA KING, Defendant

High Court of American Samoa
Trial Division

CA No. 21-88

July 21, 1988

Before REES, Chief Justice, AFUOLA, Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiffs, Napoleone Tuiteleleapaga
For Defendant, Togiola T.A. Tulafono

Defendant is the widow of the plaintiffs' uncle, Joseph King. Before Joseph died in 1987 he had lived with the defendant (hereinafter "Mele") in part of a large house built by his parents during the early part of this century. The other part of the house was rented, with the rents being collected by plaintiff Thelma King Tuiteleleapaga and used for repairs and other family purposes.

About a year after Joseph died Thelma suggested to Mele that she leave the King family residence and go to live with her own family in accordance with Samoan custom. Mele refused, and this litigation ensued.

Counsel for plaintiffs lays great stress on the Samoan custom that when a man dies his widow should return to live with her own family unless she has children by the deceased or unless she has been invited to remain. Counsel for Mele concedes that a widow has no absolute right to remain on the communal land of her deceased husband's family. It is Mele's position, however, that the house was individual rather than communal property and that it belonged partly to her husband. Since the laws of American Samoa give a widow the right to 1/3 of her husband's real and personal property (A.S.C.A. § 40.0103), she claims to be part owner of the house.

The question whether this house is individual or communal property has already been litigated before the High Court. In <u>Samia v. Tapuitea</u>, 1 A.S.R. 552 (1937), Tapuitea offered the land on which the house is located (Tuasavai'i) for

registration as "her own true and personal land." The holder of the Samia title objected, claiming Tuasavaiʻi to be the communal land of the Samia family. The Court ruled in favor of Tapuitea and the registration was allowed.

Tapuitea was the mother of Joseph King and the grandmother of the plaintiffs. As far as could be determined at trial, her estate was never admitted to probate. According to the succession laws of American Samoa, her property passed upon her death to her seven children. A.S.C.A. § 40.0202. Since Mele inherited one/third of Joseph's property, she would appear to be the owner of an undivided 1/21 interest in Tuasavaiʻi and its fixtures and appurtenances, including the house she now lives in. Since every co-owner of a property that has not been partitioned has an equal right with every other co-owner to use the property, the Court must deny the plaintiffs' request for eviction.

It does appear that most of the co-owners of Tuasavaiʻi are blood descendants of Tapuitea King and that most of these descendants wish Mele to leave. They might attain this objective by means of an action for the partition of the property, in the course of which the Court could assess its value and determine a procedure by which sole possession could be given to the blood descendants in exchange for compensation to other heirs. Before bringing any such action, however, it would seem desirable that someone move to admit the estate of Tapuitea King to probate so that the interests of the various heirs can be formally determined.

These procedures will no doubt seem cumbersome to those members of the King family who have treated Tuasavaiʻi over the years as though it were the communal land of a Samoan family, which automatically passes from one generation to another without the necessity of probate and without interference from widows and other outsiders. It is not, however, within the power of the present plaintiffs or of the Court to decide whether Tuasavaiʻi should be regarded as individual or communal property. That decision was made many years ago by Tapuitea King when she registered the land as her individual property.

Tapuitea appears to have taken her decision deliberately. Only if her land and the

51

<u>fa'apapalagi</u> houses she and her husband had built on it were "her own true and personal property" would her children be afforded the protection of the <u>fa'apapalagi</u> land registration and inheritance laws against competing claims of the various Samoan families of which Tapuitea was a member. The advantages of such protection are suggested by the argument of Samia in the 1937 case:

> Furthermore, the childrens of Tapuitea are half-casts, why should they be given a piece of Samoan land such as this land Tuasavaii. I am a Samoan Matai, and my father was also a matai before me . . . .

<u>Samia v. Tapuitea</u>, <u>supra</u> (No. 1-1937), claim of Samia F.

By arranging to have their land and houses classified according to the fa'a papalagi rather than the fa'a Samoa, Charles and Tapuitea King protected their children from anyone who might have regarded papalagi blood as just cause for dispossession. In so doing they unavoidably subjected the property to rules of law derived from the Anglo-American tradition, including the rule that a widow has an interest in her husband's property.

If the evidence showed that Mele was occupying an unduly large part of the property belonging to the King estate, the Court might issue a temporary order apportioning the use of the property among the various heirs until a partition could be effected. It appears, however, that her quarters contain only two bedrooms; that another part of the same house containing at least two bedrooms is currently being rented out by Thelma; that Thelma and her husband live in a six-bedroom house on Tuasavai'i; and that the only other King heir now residing permanently in Samoa, plaintiff Nicholas King Jr., resides in his own house on the same land.

The complaint charged that Mele had not only brought her children from a former marriage to live with her but was also renting part of the house to a paying tenant. At trial it appeared that the tenant had left. Subject to the right of any heir to seek a partition of the property, the current arrangement seems fair to all parties so long as

52

Mele uses her quarters only as a personal residence for herself and her children.

The complaint is dismissed.